**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LEONARD R. MUNDY,

      Defendant - Appellant.

No. 03-3216
(D.C. No. 02-CR-40113-JAR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.[**]

      Defendant-Appellant Leonard R. Mundy appeals from his conviction and

sentence for possession with intent to distribute five grams or more of cocaine

base in violation of 21 U.S.C. § 841(a)(1). He challenges the introduction of

expert testimony and the sufficiency of the evidence to support the conviction.

Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Background

On June 26, 2002, Mr. Mundy was a passenger in a car driven by his nephew. The police pulled over the car because the police observed Mr. Mundy in the passenger seat and knew there was an outstanding warrant for his arrest. As the car came to a stop, Mr. Mundy got out of the car, bent over briefly near the front of the vehicle, and then moved away from the car toward the sidewalk. He was ordered to get on the ground and complied. Mr. Mundy was placed under arrest and searched. Although nothing was found on his person, a postal scale, two marijuana cigarettes, and a single piece of cocaine base weighing 6.69 grams in a plastic baggie were found under the car near the front left tire. After the items were retrieved, Mr. Mundy made a statement that the items were his rather than his nephew's. IV R. at 27.

Mr. Mundy was charged in a one count indictment with possession "with the intent to distribute 5 grams or more of a mixture or substance containing a detectable quantity of cocaine base" in violation of 21 U.S.C. § 841(a)(1). I R., Doc. 1. At trial before a jury, over Defendant's objections, a police detective with eighteen years of experience testified as an expert with regard to various aspects of drug dealing, including those factors that distinguish drug users from drug dealers. The police detective testified regarding numerous factors that may suggest someone is a drug dealer rather than a user, including the way the

discovered drugs are packaged; the form of the drugs; the total quantity of drugs; the person's prior history; and the presence or absence of paraphernalia, cash, pay/owe sheets, and tools to cut and weigh the drugs. IV R. at 61-84. With regard to quantity, the officer testified that quantity was the "number one" factor considered in determining whether someone is a distributor because "if you've got a large quantity, that's pretty much going to be a distributor." Id. at 70. He also testified that "Once you get past [an eighth of an ounce, or 3.5 grams], it's been my experience that's always a distributor." Id. at 67. The police detective testified in generalities based on his experience and drew no conclusions with regard to Mr. Mundy's intent personally. Mr. Mundy was found guilty and sentenced to 120 months incarceration, followed by eight years of supervised release, with a special assessment of $100.00. I R., Doc. 69.

Discussion

Mr. Mundy first contends that the district court erred in denying his motion to exclude the police detective's testimony with regard to factors supporting an intent to distribute. Mr. Mundy asserts that the testimony violates Federal Rule of Evidence 704(b), which prohibits an expert from giving an opinion regarding whether or not the defendant had the requisite mental state. We review the district court's admission of evidence for an abuse of discretion. United States v.

Muldrow, 19 F.3d 1332, 1337 (10th Cir. 1994).

Federal Rule of Evidence 702 allows the court to admit specialized knowledge if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." "Rule 702 thus dictates a common-sense inquiry of whether a juror would be able to understand the evidence without specialized knowledge concerning the subject." United States v. McDonald, 933 F.2d 1519, 1522 (10th Cir. 1991). We have noted in several possession with intent to distribute cases that an expert's testimony with regard to the significance of a quantity of drugs possessed is specialized knowledge that assists the jury in understanding a fact at issue. Id. at 1522 ("A person possessing no knowledge of the drug world would find the importance of this fact impossible to understand. The average juror would not know whether this quantity is a mere trace, or sufficient to pollute 1,000 people."); Muldrow, 19 F.3d at 1338 (finding that "[t]he amount of cocaine involved in the case before us . . . ha[s] little significance to those unfamiliar with drug use," and therefore expert testimony is appropriate); see also United States v. Dirden, 38 F.3d 1131, 1142 (10th Cir. 1994) (noting expert testimony was presented that quantity would have been for distribution and not personal use); United States v. Deninno, 29 F.3d 572, 577 (10th Cir. 1994) (finding sufficient evidence of intent to distribute based on expert testimony that the amount "was consistent with amounts that are

distributed"). Thus, the evidence was proper under Rule 702.

In addition, the expert testimony did not violate Rule 704. "Rule 704 only prevents experts from expressly stating the final conclusion or inference as to defendant's actual mental state. The rule does not prevent the expert from testifying to facts or opinions from which the jury could conclude or infer the defendant had the requisite mental state." United States v. Richard, 969 F.2d 849, 854-55 (10th Cir. 1992) (noting that testimony with regard to the roles played in drug transactions was not prohibited under Rule 704(b)). We remind trial judges, however, that they should always engage in the process of "carefully weigh[ing] the testimony's probative value against its possible prejudicial effect." United States v. Bosch, 914 F.2d 1239, 1244 (9th Cir. 1990). In this case, the police officer spoke in general terms about the different factors that suggest a particular person is either using or distributing drugs. He did not discuss the specific facts in this case, except to note that the street value of 6.6 grams of rock cocaine is approximately $1,320. IV R. at 73. As in Muldrow, "[t]he expert testified concerning only his specialized knowledge, and he did not go outside his specialized knowledge by opining about Defendant's actual intent." 19 F.3d at 1338. In addition, we note a jury instruction was given that the expert opinion may be given whatever weight the jury believed it deserved, or that it could be

disregarded entirely.  I R., Doc. 56 at 24.[1]  The trial court did not abuse its discretion by admitting the expert's testimony regarding his specialized knowledge of drug quantities.

Mr. Mundy also contends there was insufficient evidence to support a conviction for possession with intent to distribute.  On appeal, we review the record de novo, United States v. Dozal, 173 F.3d 787, 797 (10th Cir. 1999), to determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979); see United States v. Johnson, 120 F.3d 1107, 1108 (10th Cir. 1997).  It is the government's burden to prove that Mr. Mundy knowingly possessed the controlled substance with the intent to distribute.  Generally the "intent to distribute" is established through circumstantial evidence, United States v. Powell, 982 F.2d 1422, 1430 (10th Cir. 1992), and we have repeatedly noted that the intent to distribute "may be inferred from the possession of a large quantity of the substance."  Id.; see United States v. McIntyre, 997 F.2d 687, 708 (10th Cir.

---

[1]The record does not suggest that Mr. Mundy requested a more specific jury instruction regarding the jury's duty to determine the ultimate issue of intent to offset any unwarranted deference to the police officer's testimony without considering Mr. Mundy's actual intent.  Although such an instruction was not given in this case, given the scope of the expert's testimony and the more general jury instruction, we find no abuse of discretion.

1993); United States v. Ray, 973 F.2d 840, 842 (10th Cir. 1992); United States v. Hooks, 780 F.2d 1526, 1532 (10th Cir. 1986) (holding the large quantity of drugs sufficient evidence of intent to distribute); United States v. Gay, 774 F.2d 368, 372 (10th Cir. 1985) ("The quantity of the drug possessed is a circumstance which may permit the inference that the possessor intended to sell, deliver, or otherwise distribute."); United States v. Espinosa, 771 F.2d 1382, 1397 n.17 (10th Cir. 1985) (holding intent may be inferred from large amount of marijuana); United States v. DuFriend, 691 F.2d 948, 952 (10th Cir. 1982) ("Evidence of quantity of a controlled substance generally is relevant to intent to distribute."). Our finding of sufficiency of the evidence is even further strengthened in this case because, beyond the quantity of drugs, there was additional evidence of distribution–the absence of smoking paraphernalia, the scale, and the fact the cocaine was in a chunk rather than smaller units. We are satisfied there was sufficient evidence to sustain a guilty verdict.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge